## HALLACK ET AL. V. JOHNSON.

DAMAGES — PERSONAL INJURIES — EXCESSIVE.— In an action for injuries received from the fall of a building through defendants' negligence, it appeared that the injuries might be permanent; that one of plaintiff's legs was broken and shortened; that one shoulder was lamed so that at the trial, four years later, he had not entirely recovered; that while plaintiff, a carpenter by trade, had been a robust man, weighing one hundred and seventy pounds, before the accident, he was reduced to one hundred and forty pounds, and was unable to work more than half the time; and that he received some other injuries. *Held*, that a verdict for plaintiff for $7,500 will not be set aside as excessive, damages in such case being largely discretionary with the jury.

*Appeal from District Court of Arapahoe County.*

ACTION by Edmund Johnson against Erastus F. Hallack and Charles Hallack for injuries alleged to have been received by defendants' negligence. Verdict and judgment for plaintiff, and defendants appeal.

Messrs. DECKER & YONLEY, for appellants.

Messrs. PATTERSON & THOMAS, for appellee.

DE FRANCE, C.   The appellants, Erastus F. Hallack and Charles Hallack, being the owners of certain lots in the city of Denver, commenced the erection of a building thereon. The walls of the building above ground were to be made of brick, and supported by stone foundation walls. The building was to have three stories above

ground, with a cellar or basement beneath. The excavation having been made for the cellar, the construction of the foundation walls was let to one party or firm, the laying of the brick walls to another, and the carpenter work to still another, each by a separate contract. The foundation walls were constructed by the persons who had contracted to do that part of the work, and, upon their completion, were delivered to and accepted by the appellants. The laying of the brick walls was begun in a short time thereafter, but before their completion certain portions of the stone foundation walls gave way, and the superstructure fell. No suitable test was made by appellants of such walls before the injuries complained of herein occurred to ascertain whether the same had been constructed in a proper manner and with proper material or not. The appellee, Johnson, a carpenter by trade, then engaged at work in said building as an employee of the person who had contracted to do the carpenter work, received injuries by reason of such fall. He subsequently brought this action against the appellants to recover for such injuries, thereby charging them with responsibility for the insufficiency of the foundation walls.

That the falling of the building was due to defects in the foundation walls is not controverted; but the appellants seek to evade the responsibility thus charged to them on the ground that the persons who constructed these walls are the proper and only parties to whom the plaintiff should look for recovery, for the reason, as alleged, that these walls were built by said persons under an independent contract as independent contractors. The appellants were given the full benefit of this defense under instructions from the court to the jury which clearly and fully state the law of the case, so far at least as appellants might insist. The instructions given and refused are quite numerous and lengthy, and we deem it sufficient, without even stating their substance, to say that no error

was committed by the court in its rulings upon the same of which the appellants may complain. No reference is had in either of such instructions to the fact that the foundation walls had been accepted by appellants before the injuries complained of occurred, nor is anything said therein as to the legal effect of such acceptance upon the rights and liabilities of the parties. As the appellee did not insist upon the same in the court below, and as the appellants have raised no question in this court in respect thereto, we do not feel called upon to express any opinion upon the subject. Whether the defense made and allowed was a proper one or not, in this case, we need not and do not determine.

The only remaining question which we deem important or necessary to consider is that relating to damages. The verdict of the jury was for $7,500, and judgment was rendered against the appellants for that amount. It is claimed that this sum is excessive. Upon questions of this nature different minds arrive at different conclusions under the same facts. It is difficult to determine a just or proper compensation for pain and suffering, either mental or physical. The law recognizes no invariable standard of measurement by which this may be done. The agony of a moment, where life is imperiled, is not susceptible of an exact recompense in dollars and cents. As this court has well said in *Wall v. Livezay*, 6 Colo. 465, and in *City of Denver v. Dunsmore*, 7 Colo. 328, applicable in cases for personal injuries, "it is exclusively the province of the jury to estimate and assess the damages, and the amount to be allowed in such cases rests largely in their sound discretion;" and that, "to warrant the court in interfering with that discretion, it must be apparent that the amount of damages given by the jury is so disproportionate to the injury received as to show that the jury were influenced by prejudice, misapprehension, or by some corrupt or improper consideration." There was some evidence tending to show that

the injuries complained of were of a permanent nature. By such accident one of appellee's legs was broken, rendering it since healing somewhat shorter than the other, and of less service than before the accident, the muscles thereof refusing at times to obey the will. One of his shoulders was bruised and lamed, from which, according to his own testimony, he had not entirely recovered at the time of the trial, although more than four years had elapsed since the injuries were received. Before this accident he was a robust man, of one hundred and seventy pounds in weight, capable of enduring great hardship; since then, and up to the time of the trial, which was in September, 1885, and the accident occurred April 1, 1881, he had not been able to endure labor more than one-half of the time, and his weight had been reduced to one hundred and forty pounds; and he sustained other injuries, which we need not enumerate. Although a smaller amount than that awarded by the jury would have been more satisfactory to us, yet we do not believe that we would be warranted, under the law and the facts, in disturbing the verdict on the ground that the damages allowed are excessive. The judgment should be affirmed.

RISING and STALLCUP, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment below is affirmed.

*Affirmed.*

ELLIOTT, J., not sitting, having tried the case below.